UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHEILA DANCY-WILKINS AND SHEILA
DANCY-WILKINS AS POWER-OF-
ATTORNEY FOR FLORA MAYWEATHERS,
on behalf of themselves and all others similarly
situated,

         Plaintiff,

   v.

COMPU-LINK CORPORATION D/B/A
CELINK, and REVERSE MORTGAGE
FUNDING, LLC,

         Defendants.
------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

2:22-cv-6208-JS-LGD

**LEE G. DUNST,** Magistrate Judge:

    Over the last nine months, both parties have engaged in constant disputes about almost all aspects of this case, including scheduling, discovery, and motion practice. Presently before the Court is the Motion to Dismiss the Complaint ("Motion") filed by Defendant Compu-Link Corporation d/b/a Celink ("Celink" or "Defendant"). *See* Electronic Case File Number ("ECF No.") 63. Plaintiff opposes the Motion. ECF No. 68. Notably, many of the critical legal issues raised in the instant Motion have been the subject of motion practice in another pending case in this District involving some of the same parties and attorneys, resulting in several decisions by others judges in this district and the Court of Appeals for the Second Circuit. *See generally Shakespeare v. Live Well Financial, Inc. et al*, No. 18-cv-07299-JMA-AYS ("*Shakespeare*"). Moreover, Celink is a named defendant in the *Shakespeare* case pending before District Judge Joan M. Azrack and Magistrate Judge Anne Y. Shields. *See Shakespeare* ECF No. 1. However, Defendant (which is represented by the same attorneys in both cases) chose not to cite any of

these prior decisions (let alone mention the *Shakespeare* case by name) in its opening memorandum of law in support of the Motion.  *See* ECF No. 65 at 3-7 (Table of Authorities).

On October 26, 2023, District Judge Joanna Seybert referred the Motion to the undersigned for a Report and Recommendation.  *See* Oct. 26, 2023 Order Referring Motion. Pursuant to this referral, the undersigned respectfully recommends that the Motion be denied without prejudice due to (1) Defendant's violations of this Court's Local Rule 1.6(a) (governing the duty of attorneys in related cases), Local Rule 7.1(a)(2) (governing the citation of cases in motions), and Local Rule 7.1(a)(3) (governing submission of supporting exhibits in connection with motions); (2) Defendant's violation of Judge Seybert's April 11, 2023 Order (placing limitations on the scope of submissions in connection with the Motion in this case); and (3) the Defendant's still-pending objections to the September 30, 2022 Order by Magistrate Judge Shields in *Shakespeare*.  *See* ECF No. 70 at 8 (According to Celink, "[t]his issue was not decided by the Second Circuit, only by the Magistrate Judge in a non-final order that the District Court has not even ruled on yet.").  The undersigned further recommends that Defendant should not be permitted to submit a renewed motion to dismiss in the instant case until Judge Azrack first issues a ruling on Defendant's pending objections to Magistrate Judge Shields's Report and Recommendation in *Shakespeare*.

I.     **BACKGROUND**

A.     **The *Shakespeare* Case**

On December 21, 2018, Margaret Shakespeare filed an action in this district against three defendants – Live Well Financial, Inc., Celink, and Reverse Mortgage Funding, LLC ("RMF") – alleging improper collection of property taxes from homeowners with Home Equity Conversion Mortgages ("HECMs") in violation of 24 C.F.R. §206, New York Real Property Law ("RPL")

§280, and 3 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") §79.9; breach of contract and unjust enrichment; and deceptive practices in violation of New York General Business Law §349. The case was originally assigned to District Judge Sandra J. Feuerstein and Magistrate Judge Shields.

Subsequently, both Celink and RMF filed motions to dismiss this complaint and, upon referral from Judge Feuerstein, Magistrate Judge Shields issued separate Reports and Recommendations denying Celink's dismissal motion pursuant to Rule 12(b)(1) on February 5, 2020; granting RMF's dismissal motion on February 5, 2020; and granting Celink's dismissal motion pursuant to Rule 12(b)(6) on February 10, 2020. ECF Nos. 113, 114 & 116. On September 15, 2020, Judge Feuerstein issued three separate orders adopting Judge Shields's Reports and Recommendations in their entirety. ECF Nos. 133, 134 & 135. On October 13, 2020, Judge Feuerstein denied Shakespeare's request for leave to amend the complaint. ECF No. 140. Shakespeare appealed most of these rulings to the Second Circuit. ECF No. 141.

On May 26, 2021, the Second Circuit affirmed Judge Feuersteins' ruling in part, vacated in part, and remanded the case. *See Shakespeare v. Compu-Link Corp.*, 848 F. App'x 474 (2d Cir. 2021). In relevant part, the Second Circuit found that the District Court erred in dismissing claims against Celink under New York General Business Law Section 349 because, *inter alia*, it improperly relied upon external documents. *Id.* at 475 ("The district court erred in considering these items extraneous to the complaint to draw inferences against Shakespeare and resolve factual disputes.") For similar reasons, the Second Circuit also reinstated Shakespeare's unjust enrichment claim. *Id.* at 477 ("Because the district court used documents external to the pleadings to draw inferences against Shakespeare, its conclusion that Shakespeare could not plausibly show that equity and good conscience required restitution was misguided.") The

District Court's dismissal of claims against RMF, however, was upheld. *Id.* at 475. The reinstated claims against Celink were then remanded. *Id.* at 477.

Upon remand, the case was reassigned from Judge Feuerstein first to Judge Dennis J. Hurley and ultimately to Judge Azrack. *See* July 16, 2021 and August 18, 2021 Orders. Subsequently, Shakespeare filed a motion to amend the complaint which was opposed by Celink and RMF. ECF Nos. 165, 166 & 167. In the motion to amend, Shakespeare sought to preserve the reinstated claims pursuant to the Second Circuit's ruling by pleading "extensive new facts." ECF No. 165-2 at 8. Importantly, the amended complaint sought to include further evidence of RMF's unlawful conduct, and to add the claims of "new HECM borrower plaintiffs, Ms. Dancy-Wilkins and her mother, Ms. Mayweathers." *Id.*

On September 30, 2022, Judge Shields issued an order granting in part and denying in part Shakespeare's motion to amend the complaint. ECF No. 175. Judge Shields denied additional breach of contract claims against Celink as futile based on insufficiency of the pleadings. *See Id.* at 18 ("boilerplate language purporting to incorporate substantive law into the agreement [is] insufficient to support a breach of contract claim."). Plaintiff's reinstated Section 349 and unjust enrichment claims against RMF and Celink, however, were found not to be futile and were permitted to be added to the amended complaint. *Id.* at 16-20. Finally, Judge Shields did not permit Dancy-Wilkins and Ms. Mayweather to be added as parties to the complaint because their claims "are not based on Defendants' advance of funds to bring property taxes current. Instead, their claim centers on allegations that their account contains fees and costs disallowed under federal and state law." *Id*. at 8 Judge Shields found these allegations were "separate and distinct" from the *Shakespeare* claims and thus were not "so logically connected to dictate that they be resolved together." *Id*. at 9. On November 7, 2022 RMF and Celink both

4

filed objections to Judge Shields's Order, which Shakespeare opposes.  ECF Nos. 182, 185, 186, 189, 194.  Those objections remain pending with Judge Azrack as of December 18, 2023.

Shakespeare has been represented by Joseph Tusa, Esq. since the filing of the complaint in 2018.  On June 5, 2023, Celink filed a notice of substitution of counsel and, as a result, Celink is now represented by attorneys at Troutman Sanders LLP.  ECF No. 204.

**B.    The *Dancy-Wilkins* Case**

Plaintiff filed the instant Complaint on October 14, 2022.  ECF No. 1.  In this action against Celink and RMF, Plaintiff alleges improper addition of fees, costs, charges, and penalties to HECMs in violation of 24 C.F.R. §206; RPL §§ 280, 280-a and 280-b; and 3 N.Y.C.R.R. §79.7 (formerly 3 N.Y.C.R.R. §79.9).  This case was randomly assigned to Judge Seybert and the undersigned.

On March 2, 2023, Judge Seybert granted Celink leave to file its initial motion dismiss in this case.  Mar. 2, 2023 Order.  Subsequently, Celink filed three separate motions to dismiss in this case on April 4, 2023.  ECF Nos. 38, 39 & 40.  Moreover, in support of these three separate dismissal motions, Celink filed more than 650 pages of memoranda of law and supporting declarations and exhibits.  *Id.*  On April 5, 2023, Plaintiff filed a letter motion asking Judge Seybert to strike Celink's three motions to dismiss as they violated the Court's March 2, 2023 Order and Rule 12(g)(2) of the Federal Rules of Civil Procedure.  ECF No. 41.

On April 11, 2023, Judge Seybert granted Plaintiff's motion to strike Celink's three dismissal motions, noting as follows:

> On March 2, 2023, the Court granted Defendants leave to file a singular motion to dismiss. Instead, Defendants filed separate motions for each of the three subsections of Rule 12 their motions are based upon, which, altogether, contain more than 650 pages of exhibits and memoranda of law. These filings, which are excessive and a blatant attempt to skirt the Court's twenty-five-page limitation for memoranda of law, will not be considered. Accordingly, Plaintiffs' motion to strike Defendants'

> motions is GRANTED. Defendants are directed to parse down their exhibits and consolidate the relief they seek pursuant to Rule 12 into a single motion. The Court will expand its page-limitation for memoranda of law -- to no more than thirty-five pages -- for both Defendants' motion and Plaintiffs' opposition thereto.

Apr. 11, 2023 Order.

On June 23, 2023, Defendant Celink filed the present motion to dismiss the complaint. ECF Nos. 63, 64 & 65. Plaintiff filed its opposition on July 14, 2023. ECF Nos. 68 & 69. On July 21, 2023, Defendant Celink filed its reply in further support of the Motion. ECF No. 70. Subsequently, Judge Seybert referred the Motion to the undersigned for a Report and Recommendation.[1] Oct. 26, 2023 Order.

Dancy-Wilkins has been represented by Joseph Tusa, Esq. since the filing of the complaint in 2022. On May 26, 2023, Celink filed a notice of substitution of counsel and, as a result, Celink is now represented by attorneys at Troutman Sanders LLP. ECF No. 55.

## II.    DISCUSSION

As the Supreme Court recognizes, the "district court possesses inherent powers" that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). As a result, there are "many standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes" even if not set forth explicitly in the Federal Rules of Civil Procedure. *Id.* Thus, it is appropriate for a court to exercise its inherent power if it is "a 'reasonable response to the problems and needs' confronting the court's fair administration of justice." *Id.* (quoting *Degen v. United States,* 517 U.S. 820, 823–824 (1996)). Further, the

---

[1] Defendant RMF never appeared in this action, and the Clerk of the Court entered a default on October 11, 2023. ECF No. 84.

Supreme Court has held that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Id.*; *accord New Falls Corp. v. Soni*, No. 16CV06805, 2022 WL 17811448, at *3 (E.D.N.Y. Dec. 19, 2022); *Braithwaite v. Collins*, No. 22-CV-0161, 2022 WL 426165, at *1 (E.D.N.Y. Feb. 11, 2022).

For the reasons set forth herein, the undersigned recommends that the Motion be denied without prejudice in light of Defendant's violations of the Local Rules, Judge Seybert's prior ruling in this case, and Defendant's pending objections to Judge Shields's decision in the *Shakespeare* case.

## A. Defendant's Violations of Local Rules

The Motion should be denied without prejudice because Defendant has violated the letter and spirit of Local Rules 1.6(a), 7.1(a)(2), and Local Rule 7.1(a)(3). These Local Rules provide as follows:

- Local Rule 1.6(a): "It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort."

- Local Rule 7.1(a)(2): All motions are required to include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion."

- Local Rule 7.1(a)(3): As to submissions in support of motions, "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."

Local Rule 1.6(a); Local Rule 7.1(a)(2); Local Rule 7.1(a)(3).

Defendant violated the letter and spirit of these rules in the Motion. Defendant's opening memorandum in support of the Motion omitted any mention of the *Shakespeare* case or the prior decisions of the Second Circuit and Judge Shields. *See* ECF No. 65 at 3-7 (Table of Authorities).

Rather, Defendant merely added a vague footnote purporting to reject those unnamed cases as not controlling, yet chose not to provide the Court with any citations for these decisions:

> Plaintiff's attempt to avoid scrutiny of the pleadings by citing to a Second Circuit Summary Order in a different case pending in this District is unavailing. That case involves a different plaintiff, a different loan, different causes of action, different allegations, and different arguments. Moreover, the Court of Appeals merely vacated the District Court's dismissal of the Complaint without prejudice on the grounds it believed that Court had prematurely made findings of fact. Accordingly, any commentary included in the opinion is merely dicta and certainly has no binding or precedential effect on this unrelated action.

*Id.* at 26 n.10.  Defendant furthered its obfuscation about the existence of the *Shakespeare* case when, in identifying the alleged differences between this unnamed "different case" and the *Dancy-Wilkins* case, Defendant omitted a critical fact – *Celink is a defendant in both cases*.  *Id.* ("That case involves a different plaintiff, a different loan, different causes of action, different allegations, and different arguments."); *see Shakespeare*, 848 F. App'x 474 (2d Cir. 2021).

It is clear to the Court that Defendant has "engaged in hide the ball tactics" that are at best too cute by half and, at worst, disingenuous.  *Scelsi v. Habberstad Motorsport Inc.,* No. 19-CV-4315, 2021 WL 6065768, at *4 (E.D.N.Y. Dec. 22, 2021), *aff'd,* No. 219CV4315, 2022 WL 2222900 (E.D.N.Y. June 21, 2022); *see New Falls Corp.,* 2022 WL 17811448, at *14 (admonishing counsel's representations as "too cute by half," and finding they demonstrated "concerning conduct, that again toe[s] the line between exuberant litigation tactics and bad faith conduct.") (citation omitted).  Courts in this district routinely deny motions that fail to comply with the Local Rules.  *See, e.g., Field v. Bayerische Motoren Werke Aktiengesellshaft*, 594 F. Supp. 3d 530 (E.D.N.Y. 2022) (rejecting court filings due to the parties' failure to comply with (among other things) "the Local Rules of this District"); *Testaccio v. Rahim* No. 21-CV-1916, 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (denying motion without prejudice for failure to comply with the Court's Individual Practice Rules); *see also Losacco v. City of Middletown*,

71 F.3d 88, 92 (2d Cir. 1995) (affirming "the district court's interpretation and application of its own local rule" and noting such a decision is one to which the Second Circuit "must accord considerable deference").  The undersigned finds these omissions by Defendant in their opening memorandum violate the letter and spirit of Local Rules 1.6(a) and 7.1(a)(2) and warrant dismissal of the Motion without prejudice.

Additionally, and in another violation of the Local Rules, Defendant submitted over 450 pages of exhibits in the support of the Motion.  ECF No. 64.  The undersigned finds that this bloated submission violates Local Rule 7.1(a)(3) and warrants dismissal of the Motion without prejudice.  *See Restivo v. Hessemann*, 846 F.3d 547, 592 (2d Cir. 2017) (holding that it is not "the district court's job either to do the [parties'] homework or to take heroic measures aimed at salvaging the [parties] from the predictable consequences of self-indulgent lassitude"); *Tyson v. Town of Ramapo*, No. 17-CV-04990, 2023 WL 3044623, at *1 (S.D.N.Y. Apr. 21, 2023) ("Judges are not like pigs, hunting for truffles buried in briefs or the record.") (internal quotations omitted); *CareMatrix Corp. v. Kaplan*, No. 05-CV-3173, 2012 WL 13102106, at *2 (E.D.N.Y. July 3, 2012) (rejecting declaration that was not "limited to 'factual information and portions of the record necessary for decision of the motion'" (quoting Local Rule 7.1(a)(3)); *Shaoxing Daqin Imp. & Exp. Co. v. Notations, Inc.*, No. 19-CV-2732, 2019 WL 4198767, at *2 (S.D.N.Y. July 30, 2019) (holding it was "blatantly improper" for the parties to have "attached voluminous exhibits" to their motion to dismiss briefs); *Veliz v. Crown Lift Trucks*, 714 F. Supp. 49, 58 (E.D.N.Y. 1989) (noting that "the practice of throwing in the kitchen sink at times may be so abusive as to merit Rule 11 condemnation") (citation omitted).

### B. Defendant's Violation of Judge Seybert's April 11, 2023 Order

After Judge Seybert granted Plaintiff's motion to strike Celink's three initial motions to dismiss (Apr. 11, 2023 Order), Defendant made another attempt to dismiss the complaint in the instant Motion.  Specifically, Defendant filed its 25-page opening memorandum of law (excluding table of contents and table of authorities) and as noted previously, more than 450 pages of supporting exhibits.  ECF No. 64 & 65.  Collectively, this totals more than 475 pages of briefing and supporting documents – in comparison to the more than 650 pages of submissions previously rejected by Judge Seybert as "excessive."[2]  It is basic math that Defendant only reduced the volume of its submissions by approximately 25% and, in the undersigned's opinion, thus failed to comply with the letter and spirit of Judge Seybert's mandate to "parse down their exhibits."  Apr. 11, 2023 Order.  This is not first time that Defendant has skirted around Judge Seybert's direction about the scope of its submissions in this case.  The undersigned therefore finds that the Motion violates Judge Seybert's April 11, 2023 Order and warrants denial of the Motion without prejudice.[3]

### C. Defendant's Pending Objections to Magistrate Judge Shields's September 30, 2022 Order

While Defendant hid the existence of the *Shakespeare* case in its opening memorandum of law, Plaintiff brought it to the Court's attention in its opposition brief.  *See* ECF No. 68 at 7 (Table of Authorities).  Specifically, Plaintiff discusses Judge Shields' decision on September 30, 2022, which held that Plaintiff's reinstated Section 349 and unjust enrichment claims against RMF and Celink could be added to the amended complaint.  ECF No. 68 at 15-16.  Thus,

---

[2] This total does not include Defendant's 10-page reply brief which complies with the page limit set forth in Judge Seybert's Individual Practice Rule III.D.1.

[3] The Court notes here that Plaintiff was able to comply with Rule II.D.1 in its opposition brief.

Plaintiff relies extensively on Judge Shields's prior decision in asking the Court to deny the Motion. *See* ECF No. 68 at 15 ("Applying the Rule 12 standards of review, this District granted Plaintiff Shakespeare's motion to amend and denied each of Celink's futility arguments."); *Id.* at 20 ("Celink re-argues that Plaintiffs failed to adequately plead their 'injury' sufficient to plead a GBL §349 claim. Those precise arguments were rejected by the *Shakespeare Action* District Court." (citation omitted)).

In their reply brief in support of the Motion, Defendant mentions the *Shakespeare* case for the first time. ECF No. 70 at 4 (Table of Authorities); *see also Id.* at 7 n.2 ("The Magistrate Judge also recommended granting Shakespeare's request to file an Amended Complaint. The recommendations remain pending for a ruling by the District Court."). Furthermore, Defendant argues that the issue of privity between RMF, Live Well, and Celink (which is central to Plaintiff's standing in this case) "was not decided by the Second Circuit, only by the Magistrate Judge in a non-final order that the District Court has not even ruled on yet." *Id.* at 12. Defendant then asserts that, in ruling on this Motion, the Court should reject Judge Shields's findings regarding privity in the *Shakespeare* case. *Id.* at 12 ("The Magistrate Judge offered no analysis of why the Court should expand the narrow circumstances in which New York has permitted the use of the near privity concept to include cases involving breach of mortgage contract to which the subservicer is not a party." (internal quotations omitted)). Thus, Plaintiff argues that the Court should accept Judge Shields's reasoning while Defendant contends that the Court should reject it – notwithstanding that fact that Judge Shield's conclusions are still the subject of Defendant's pending objections before Judge Azrack in the *Shakepeare* case. *See* ECF No. 186.

It is clear to the undersigned that, in the interest of judicial economy and consistency, it makes little or no sense for the undersigned to accept (or reject) Judge Shields's *Shakespeare* analysis until Defendant's objections have been resolved by Judge Azrack.  *See Thompson v. Bradt,* No. 12-CV-00475, 2015 WL 13745696, at *1 (W.D.N.Y. Nov. 19, 2015), *report and recommendation adopted sub nom. Thompson v. Cuomo*, No. 12-CV-475, 2016 WL 2847787 (W.D.N.Y. May 16, 2016) (magistrate judge's denial of new motion while an earlier report and recommendation was still pending with the district judge).  The undersigned therefore recommends that the Court deny the Motion without prejudice in light of Defendant's pending objections before Judge Azrack in the *Shakespeare* case and direct that Defendant shall not file a future dismissal motion until Judge Azrack issues that ruling.

## III.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion be denied without prejudice, and that permission to file a new motion to dismiss be denied until Judge Azrack rules on Defendant's objections to the Magistrate Judge Shields's September 30, 2022 Order in the *Shakespeare* case.

## IV.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Seybert.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell*

*v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
        December 18, 2023

_____
s/ Lee G. Dunst
**LEE G. DUNST**
United States Magistrate Judge